United States District Court
Southern District of Texas
**ENTERED**
February 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLAS ENRIQUE RAMOS-GUEVARA, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-00324 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*, Respondents. | § § § | |

ORDER ON DISMISSAL

Petitioner Nicolas Enriquez Ramos-Guevara is a citizen of El Salvador who entered the United States without inspection in March 2008. Dkt 1 at 5. He was taken into custody by Immigration and Customs Enforcement on October 27, 2025. Ibid. He remains in custody at the Joe Corley Processing Center in Conroe, Texas. Ibid. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention as *ultra vires*, based on Petitioner's assertion that his present detention lacks statutory authority under the INA, and under the Due Process Clause of the Fifth Amendment. Id at 8–10.

The Government filed a motion for summary judgment in response. Dkt 5. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 8.

*As to the ultra vires claim based on the INA,* this action presents the same issue of textual interpretation recently

addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Maceda Jimenez v Thompson*, 2025 WL 3265493 (SD Tex); see also *Montelongo Zuniga v Lyons*, 2025 WL 3755126 (ND Tex) (Hendrix, J). The construction given 8 USC §§1225 and 1226 in those cases thus controls here. This forecloses Petitioner's claim that the Government's action here is *ultra vires* and without statutory authority. Dkt 1 at 10.

On reply, Petitioner raised additional arguments regarding *Maldonado Bautista v Santacruz,* 2025 WL 3713987 (CD Cal). See Dkt 7-1. He maintains that he's a member of the bond eligible class certified in *Maldonado Bautista v Santacruz,* 2025 WL 3713987, (CD Cal), and as such, seeks to enforce his purported right to a bond hearing under 8 USC §1226(a). Id at 5.

The undersigned has determined that the order in *Bautista*, purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. The reasoning of Judge James Wesley Hendrix in *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex), is adopted here in that regard. The *Bautista* order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. Notably, the issue of construction as between §§1225 and 1226 is also presently on appeal before the Fifth Circuit, as discussed below. Nothing suggests that it will believe itself somehow bound by the determination of a district court in California. In short, nothing about the *Bautista* order binds this Court or requires adoption of Petitioner's reading of the INA.

*As to the due process claim*, the Supreme Court has stated, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. Petitioner's detention thus doesn't violate due process.

2

As such, the motion for summary judgment will be granted and the petition for writ of *habeas corpus* will be denied. Dkts 1 (petition) & 5 (motion).

\* \* \*

In so concluding, respectful acknowledgement is given to the six other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case and determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). One other judge in the Houston Division has determined in favor of §1225. See *Villeda Cabriales v Noem*, 4:25-cv-04908 (SD Tex, Jan 22, 2026) (Lake, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

\* \* \*

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Nicolas Enriquez Ramos-Guevara is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on February 6, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge